UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | | |
|---|---|---|
| HERIBERTO GARCIA, | ) | Civil Action No. 5:15cv-00459 |
| | ) | |
| Plaintiff | ) | COMPLAINT FOR MEDICAL |
| | ) | MALPRACTICE |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA; and DOES | ) | |
| 1-25, Inclusive | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

## AS AND FOR FIRST CAUSE OF ACTION

## FOR MEDICAL MALPRACTICE

1.   At all times below, the plaintiff, Heriberto Garcia, was a resident of the County of Riverside, State of California.  Presently he resides in Surprise, Arizona.

2.   At all times herein mentioned defendant United States of America is a government entity that operates and runs Jerry L. Pettis Memorial VA Medical Center located in the County of San Bernardino, State of California.

3.   At all times stated below, the defendant United States of America owned, operated, managed, maintained and had custody and control of the hospital facility known as Jerry L. Pettis Memorial VA Medical Center located in the County of San Bernardino, State of California.

4.   At all times stated below, the defendant, Jerry L. Pettis Memorial VA Medical Center, held itself out as a hospital duly competent and qualified to render adequate medical care,

attention and treatment to the general public and veterans for said purposes hired various physicians, nurses, orderlies, technicians and other personnel.

5. At all times stated below, the defendant, Jerry L. Pettis Memorial VA Medical Center, represented that physicians, residents, interns, nurses, radiologists, technicians and other medical personnel in its employ or on its staff were qualified and capable of rendering emergency, medical, and health care and treatment and radiological, and surgical services in accordance with good and accepted standards of medical and hospital practice.

6. Plaintiff is unaware of the names and capacities of the Defendants sued herein as DOES 1-25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when such information is ascertained. Plaintiff is informed and believe and thereon allege that each of the fictitiously named Defendants is legally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages to Plaintiff as alleged herein.

7. Plaintiff is informed and believe and thereon allege that at all times herein mentioned, each of the Defendants, including each of the Doe Defendants, was the agent, ostensible agent, servant, representative, associate, borrowed servant, and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of said agency, ostensible agency, and/or borrowed servant authority and employment and with the consent, permission and/or ratification of co-Defendants and each of them.

8. Upon information and belief, at all times stated below, the defendant(s), their agents, servants, partners, and/or employees, undertook and agreed to render medical care to the

plaintiff, Heriberto Garcia, and did render certain treatment commencing on or about March 22, 2012 and continuing through March 23, 2012.  Said defendants were employees of the United States government and acting within the scope of their employment.

9. Upon information and belief, that on or about March 22, 2012 through March 23, 2012 the defendant(s) undertook and rendered medical care to the plaintiff, Heriberto Garcia and were negligent, reckless and careless in the care and treatment rendered for and on behalf of the plaintiff.

10. On March 22, 2012 plaintiff had a turbinectomy and lysis of nasal adhesion procedure at Jerry L. Pettis Memorial VA Medical Center.  Plaintiff returned to the emergency room of Jerry L. Pettis Memorial VA Medical Center several hours after being discharged on March 22, 2012 because he was coughing up blood.

11. Plaintiff was placed on a gurney in the hallway of the emergency room.  He layed on the gurney for approximately 11 hours, all the while vomiting vast amounts of blood onto himself and the floor of the hallway emergency room.

12. Ultimately, plaintiff was choking and going into shock and thereby fell off the gurney causing serious bodily injury to himself.

13. The aforesaid occurrence was caused solely and wholly through and by reason of the negligence of the defendant(s) individually and/or jointly, in failing and neglecting to treat plaintiff in accordance with good and accepted medical customs, practices and standards; in performing medical care and treatment in a careless, reckless and/or negligent manner; in failing and neglecting to properly diagnose and/or treat the true nature and severity of plaintiff's symptoms; in failing and neglecting to treat plaintiff in accordance with that degree of medical

competence and expertise which defendant(s) held themselves out as possessing and defendant(s) were otherwise negligent in the care and treatment of the plaintiff.

14. As a result of the foregoing, plaintiff was rendered sick, sore, lame, permanently disfigured and disabled, suffered severe and serious personal injuries, conscious pain and suffering, mental anguish, was compelled to seek further medical, surgical care and/or treatment, loss of enjoyment of life, incurred expenses, was confined to home, bed and medical facilities and was permanently injured, disfigured, scarred, and disabled.

15. The aforesaid occurrence was caused solely and wholly through and by reason of the negligence of the defendant(s) individually and/or jointly.

16. By reason of the foregoing, plaintiff Heriberto Garcia has been damaged in the sum, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

17. On March 20, 2014 plaintiff Heriberto Garcia gave noticed to defendant, and each of them, via standard Form 95, Claim For Damage, Injury or Death, of his claim for damages arising out of his medical care and treatment at Jerry L. Pettis Memorial VA Medical Center.  On September 15, 2014 the administrative tort claim of plaintiff was denied by the Department of Veterans Affairs.  A copy of the denial letter is incorporated herein by reference and attached hereto as Exhibit "A."

Wherefore, the plaintiff prays for judgment against the defendant on all causes of action, as follows:

(1) For General Damages in the amount of $150,000.00;

(2) For Special Damages for future medical care in the amount of $50,000.00;

(3) For costs of suit herein;

(4) For Attorney fees; and

(5) For such other and further relief as the Court deems just and proper.


Date:  03/09/2015             /S/ Amador L. Corona
                 Amador L. Corona, #93679
                 Attorney for Plaintiff
                 121 E. Fourth Street, Suite C
                 Corona, CA 92879-1406
                 amadorlcorona@sbcglobal.net
                 (951) 279-1009